

**EXHIBIT B**

 CT Corporation

**Service of Process Transmittal**
03/05/2021
CT Log Number 539175333

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Georgia**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Loman Jimme Sue, Pltf. vs. Wal-Mart Stores East, LP, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Request(s), First Interrogatories, Certificate |
| **COURT/AGENCY:** | Forsyth County - State Court, GA<br>Case # 21SC0306B |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 03/29/2019 - Walmart store located at 2525 North Decatur Rd. in Decatur, Georgia |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/05/2021 at 15:27 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | C. Benjamin Avery<br>Wood Craig & Avery, LLC<br>3520 Piedmont Road NE, Suite 280<br>Atlanta, GA 30305<br>404-888-9962 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/09/2021, Expected Purge Date: 03/14/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>112 North Main Street<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

EXHIBIT B

🍎 **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

Judge T. Russell McClelland
MAR 02, 2021 02:19 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER   21SC-0306-B

LOMAN, JIMME SUE

------

**PLAINTIFF**

**VS.**

WAL-MART STORES EAST, LP

------

**DEFENDANT**

**SUMMONS**

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **C. Benjamin Avery**
> **Wood Craig & Avery, LLC**
> **3520 Piedmont Road NE**
> **Suite 280**
> **Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of March, 2021.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

EXHIBIT B

🏛 **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

Judge T. Russell McClelland
**MAR 02, 2021 02:19 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JIMME SUE LOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| WAL-MART STORES EAST LP., | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

COMES NOW Jimmie Sue Loman, Plaintiff, and files her Complaint as follows:

1.

Wal-Mart Stores, Inc. (hereinafter "Plaintiff") is a foreign corporation authorized to transact business in the State and may be served at 112 North Main Street, Cumming, Georgia, Forsyth County, Georgia 30040, with the registered agent at such being The Corporation Company. This Defendant is subject to the jurisdiction and venue of this court in that it maintains a business in Forsyth County, Georgia, where the incident complained of herein occurred.

2.

Wal-Mart Stores, Inc. (hereinafter "Plaintiff") is a foreign corporation authorized to transact business in the State and may be served at 112 North Main Street, Cumming, Georgia 30040, with the registered agent at such being The Corporation Company.

3.

On or about March 29, 2019, Plaintiff was a customer at Defendant's store located at 2525 North Decatur Rd. in Decatur, Georgia. Plaintiff slipped and fell while in checkout line and sustained injuries.

4.

Defendant has been properly served with Plaintiff's Complaint. Defendant is subject to the venue and jurisdiction of this Court.

1

5.

Plaintiff was injured as a direct result of this subject incident.

6.

The sole cause of the subject incident was the negligence of the Defendant.

7.

Defendant's negligence proximately caused Plaintiff's injuries.

8.

As a result of the incident described above, Plaintiff suffered serious bodily injury, incurred medical expenses and lost wages, and endured tremendous pain and suffering, all for which is entitled to compensation from the Defendant.

9.

Plaintiff is entitled to recover all economic damages, including without limitation, all medical expenses and lost wages, as well as all non-economic damages, including without limitation, loss of enjoyment of life, and physical and emotional pain and suffering.

10.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

11.

Defendant is responsible for the injuries and damages to Plaintiff.

12.

No other person or entity caused or contributed to the cause of this subject incident.

13.

Defendant is responsible for fairly compensating Plaintiff for the injuries and damages caused by the incident.

WHEREFORE, Plaintiff prays for trial on all issues and judgment against Defendant as follows:

(A)     That Plaintiff recover the full value of her special damages in an amount to be proven at trial;

(B)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(C)     That Plaintiff recover such other and further relief as is just and proper;

(D)     That all issues be tried before a jury.

This 2nd day of March, 2021.

WOOD CRAIG & AVERY, LLC

/s/ C. Benjamin Avery
C. Benjamin Avery
Georgia Bar No. 788001
Attorney for Plaintiff

3520 Piedmont Road, N.E., Suite 280
Atlanta, GA 30305
(404) 888-9962
(470) 552-3620 (FAX)
ben@woodcraig.com

EXHIBIT B

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN,                         )
                                         )
          Plaintiff,                     )     Civil Action File No. _____
                                         )
v.                                       )
                                         )
WAL-MART STORES EAST LP.,                )
                                         )
          Defendant.                     )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES EAST, LP

TO:     DEFENDANT.

        Pursuant to O.C.G.A. § 9-11-34, Plaintiff hereby requests that Defendant respond

separately, in writing to the following request for production of documents within the time

afforded by law, with a copy of the responses being served upon the undersigned counsel of

record for the Plaintiff at Wood Craig & Avery, LLC, 3520 Piedmont Road, N.E., Suite 280,

Atlanta, Georgia 30305.

### DEFINITIONS AND INSTRUCTIONS

        A.  This request for production of documents and notice to produce shall be deemed

continuing to the extent permitted by the Georgia Civil Practice Act, so as to require each

Defendant to serve or produce upon all parties supplemental answers or documents if Defendant

or their attorneys obtain further information between the time the answers are served and the

time of trial. Plaintiff also requests that each Defendant produce the originals of each document

at trial and any deposition of Defendant or its agents or employees.


        B.  "Document," whether singular or plural, means documents and other

tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and

shall include without limitation originals or, if such are not available, true copies, including

copies of documents, videotapes, computer data, and sound material, whether in physical or

electronic form.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E. If you object to part of a request, please identify any documents withheld. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F. If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant is requested to produce and identify each of the following:

### 1.

Any statement in your control from any person possessing relevant knowledge of the incident giving rise to this lawsuit, whether written or recorded.

### 2.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit.

### 3.

All documents evidencing, reflecting, relating to or constituting any communication between Defendants and Plaintiff.

### 4.

All documents supporting or relating to Plaintiff's or Defendants' contentions of negligence.

5.

Any correspondence, statements, documents, or other tangible evidence involving any of the witnesses or other individuals involved or with knowledge of the incident forming the basis of Plaintiff's complaint.

6.

All documents evidencing, reflecting, relating to, or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

7.

All documents that you receive in response to your Requests for Production of Documents to nonparties.

8.

Any and all documents identified, referenced, or used to answer any of Plaintiff's discovery in this matter.

9.

Any and all documents that support any defenses raised in your Answer, or any relevant fact to this litigation.

10.

All documents, pleadings, and/or exhibits filed, served, or prepared in connection with any litigation involving personal injuries arising from falling or slipping to which you have been a party for the past five (5) years.

11.

Any maintenance, repair, or service records reflecting repairs, service, or changes to the area of the premises and approaches, forming the basis of the Plaintiff's Complaint.

12.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

13.

Please produce all policies of insurance, to include the declaration pages, which do or may afford insurance coverage to Defendants with regard to Plaintiff's claims against Defendants. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, and medical-payments coverage. This request includes any and all documents affecting coverage, including reservation of rights documents.

14.

All reports received from any experts who have investigated any issue(s) relevant to the subject fall and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

15.

All documents evidencing or reflecting any agreement regarding maintenance, stocking, or cleaning services between Defendants and any other business having responsibility for the area where Plaintiff was injured.

16.

A copy of any reservation of rights letter(s) or other documentation of any kind received from any insurer which purports to deny insurance coverage, or to reserve the right to contest the issue of coverage for the claims made in this lawsuit.

17.

All claims forms, incident reports, accident reports, or other documentation evidencing prior or subsequent complaints, problems or injuries resulting from customers slipping or falling occurring at the premises or approaches where Plaintiff was injured.

18.

All claims forms, incident reports, accident reports, or other documentation evidencing prior or subsequent complaints, problems, or injuries made against Defendants as a result of customers slipping or falling.

19.

Any and all log books, sweep sheets or logs, maintenance or inspection reports, or any and all other documents of any kind or by any other name which relate in any way to the inspection, cleaning, or maintenance of the area in question for the 48 hours before and after the incident at issue.

20.

Any demonstrative evidence relevant to the issues of this case.

21.

Any and all documents, including employee handbooks, policy or procedure manuals, or video tapes, Defendant's policies regarding safety, training, testing, inspecting, repairing, or maintaining the premises, approaches and the area forming the basis of Plaintiff's Complaint.

22.

All Complaints initiating civil actions against you for the past five (5) years as a result of substantially similar incidents.

23.

All safety inspection reports completed by any of your employees, agents, or independent contractors with regard to the premises and approaches at issue.

24.

All internal accident reports completed by your employees, agents, or independent contractors regarding substantially similar claims, complaints, or incidents for the past five (5) years.

25.

All contracts or agreements entered into between Defendants and any other individual or company and regarding maintaining, stocking, or inspecting the premises, approaches and area forming the basis of Plaintiff's Complaint.

26.

The curriculum vitae of all experts who are expected to testify on behalf of the defendant, and any documents they created, reviewed or relied on.

27.

Produce all notes, memoranda, minutes, and all other written evidence of safety meetings held by you from 2019 to the present.

28.

Produce all architectural plans, drawings, or designs of the store in question, including layout of the aisles and walkways in the subject store.

29.

For the date in question, and the two days before, please produce the work and payroll records of all employees employed by Defendant in question.

EXHIBIT B

30.

All incident reports, accident reports, documents, photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit including but not limited to the scene of the incident where the incident is alleged to have occurred, any instrumentality alleged to have caused the alleged damages, or any other relevant event or thing which is the subject of this Complaint.

31.

The complete personnel file of the individual who was/were responsible for appropriate inspections, cleaning and maintenance performed on the premises that is the basis of Plaintiff's Complaint.

32.

All policies or procedures regarding the appropriate inspections, cleaning and maintenance performed on the premises and any inspection records for the inspections, cleaning and maintenance performed on the premises at the store involved in the subject incident.

33.

Copies of all company policies and procedures pertaining to the inspections, cleaning and maintenance performed on the premises and any policies and procedures that in anyway apply to, cover, or govern the inspections, cleaning and maintenance performed on the premises.

34.

Copies of all documents or complaints for all personal injury claims or litigation involving injuries resulting from customers slipping or falling prior to March 29, 2019.

35.

Any and all surveillance video and/or audio recordings depicting the store area/department

in which the above-referenced incident occurred in the twelve hours before and twelve hours after

the incident, as depicted in the spoliation letter dated April 5, 2019.

You are hereby requested to comply with said code section by producing and permitting the

Plaintiff's attorney to inspect and copy the documents requested.  In lieu of appearance at a

document production, you may instead mail true and accurate copies of all documents or

evidence to Wood, Craig, & Avery LLC, 3520 Piedmont Road, N.E., Suite 280, Atlanta, Georgia

30305.

This 2nd day of March, 2021.

WOOD CRAIG & AVERY, LLC

C. Benjamin Avery
Georgia Bar No. 788001
Attorney for Plaintiff

3520 Piedmont Road, N.E., Suite 280
Atlanta, GA 30305
(404) 888-9962
(470) 552-3620 (FAX)
ben@woodcraig.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN,                          )
                                         )
           Plaintiff,                     )      Civil Action File No. _____
                                         )
v.                                        )
                                         )
WAL-MART STORES EAST LP.,                 )
                                         )
           Defendant.                     )

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT WAL-MART STORES EAST, LP

TO:    DEFENDANT

       Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant respond

separately in writing and under oath, to the following interrogatories within the time afforded by

law, with a copy of the responses being served upon the undersigned counsel of record for the

Plaintiff at Wood Craig & Avery, LLC, 3520 Piedmont Road, N.E., Suite 280, Atlanta, Georgia

30305.


## DEFINITIONS AND INSTRUCTIONS

       A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A.

§ 9-11-26, et seq., so as to require Defendant to serve upon all parties supplemental answers if

Defendant or defense attorneys obtain further information between the time the answers are served

and the time of trial.

       B.  "Document," whether singular or plural, means documents and other

EXHIBIT B

tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, electronic messages/mail, and sound material.

C. "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D. "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

E.   "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

F.  These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence.  Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, insurers, employees, and other representatives.  If Defendant is unable to answer a question

completely, the question should be answered as fully as possible.  When a question is directed to

Defendant or "you," the question is also directed to each of the aforementioned persons.

G.  You are requested not to respond to Interrogatories by referring to the responses to

other Interrogatories or by adoption, since some of the Interrogatories may be introduced into

evidence and should be, for this purpose, complete in themselves.

## INTERROGATORIES

1.

Identify the individual(s) who was/were responsible for appropriate inspections, cleaning

and maintenance performed on the premises at the time complained of in Plaintiff's Complaint.

2.

Identify the individual who came to assist Plaintiff immediately after the fall at the time

complained of in Plaintiff's Complaint.

3.

Identify the person(s) or entity who owned, managed, and controlled the premises referred to

in the Complaint where the incident involving Plaintiff occurred and for the date of her injuries

(March 29, 2019).  If the ownership, control, or maintenance changed at any time since said

occurrence, please identify every subsequent person or entity.

4.

State the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue

over Defendant(s), that there has been an insufficiency of process of service of Plaintiff's

Complaint, and/or that there has been an insufficiency of service of process upon the Defendant(s).

5.

State whether the individual was/were responsible for appropriate inspections, cleaning and maintenance performed on the premises referenced in Plaintiff's Complaint was acting within the course and scope of his employment with Defendant at the time of the incident at issue and whether he was operating with the permission and/or agency of Defendant. If you claim he was not acting within the course and scope of his employment and/or agency, please detail the basis of your denial.

6.

State the name and address of any potential party to this lawsuit, not already a party, and state your claims and reasons for same.

7.

If you have ever been a Defendant in a lawsuit involving personal injuries resulting from customers slipping or falling in Georgia, identify the person(s) involved, give the style and number of the case, the nature of the litigation and the court before which the suit was filed.

8.

State specifically and in detail when, where and how you claim the occurrence happened which is the basis of this lawsuit.

9.

Give the name, address, and telephone number of all persons that to you or your representative's knowledge, information, or belief were eyewitnesses to the incident giving rise to this lawsuit or have knowledge of any fact or circumstance regarding the incident giving rise to this lawsuit.

4

10.

State the name, address, and employer of all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

11.

State the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to this lawsuit or the damages sustained by Plaintiff. This request includes each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to all expert witnesses including all practitioners of the healing arts.

12.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, state the name of each person giving each statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

13.

Describe with particularity all photographs, charts, diagrams, videotapes, documents, illustrations, and/or other tangible items, of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody

or control of each item.  (NOTE:  You need not describe any document that was produced <u>and</u> specifically listed as having been produced in your responses to Plaintiff's first request for production of documents.)

14.

State the substance of each conversation you or any of your representatives had with Plaintiff or any representative of Plaintiff at any time.

15.

For the date of the incident that is the subject of this lawsuit, state the times in which the individual who was/were responsible for appropriate inspections, cleaning and maintenance performed on the premises went to work and the times he quit work on that date, and on each of the previous seven (7) days.

16.

State the factual basis for each defense that you assert in this action.

17.

If you contend that Plaintiff acted, or failed to act, in a manner as to cause or contribute to the occurrence made the basis of this suit, please set forth each and every fact or act upon which your contention is based.

18.

For each insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy this judgment, state the name and address of each insurer, the amount of coverage available to satisfy such a judgment, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

6

19.

Identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

20.

Identify all policies and procedures in effect to supervise and regulate the appropriate inspections, cleaning and maintenance performed on the premises.

21.

As to each statement or report, written, taped or otherwise, which has been made by any person concerning the occurrence complained of, describe each such statement or report, giving as to each such statement or report the name of the person giving such statement or report, the date of same and the present location of such statement or report or any copy thereof.

22.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements, surveys or other descriptions concerning the events and happenings alleged in the Complaint, scene of the accident, the area, or persons, or vehicles involved made either before, after or at the time of the event in question, as to each such item, state:

a)  what each such item purports to show, illustrate, or represent;

b)  the date it was made or taken; and

c)  the names and address of the person having custody of such item.

23.

7

Do you know of any test(s), experiment(s) or accident reconstruction(s) which in any way illustrate or demonstrate either the manner of the occurrence or any contributing cause of the occurrence?  If so, state the full name, address, and telephone numbers of any person performing such test(s), experiment(s), or reconstruction(s), and provide a summary of any findings.

24.

State the names, addresses, and job positions of all managers who were either working at the time of this incident or have knowledge of this incident.

25.

State whether you have attempted to surveil or observe Plaintiff at any time after the incident forming the basis of Plaintiff's Complaint, and state whether any video tapes, pictures, or reports were taken or made regarding such surveillance, the date(s) the surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This Interrogatory is broad and seeks to discover all post-incident surveillance even if such attempts were unsuccessful.)

26.

State whether the individual who was/were responsible for appropriate inspections, cleaning and maintenance performed on the premises received any verbal or written disciplinary action as a result of the incident at issue, and if so, state the nature of the discipline, identify all persons with knowledge of the disciplinary action, and the result of such action.

27.

Identify all persons who cleaned, repaired, inspected, managed, or maintained the premises and area where Plaintiff was injured (as referenced in the Complaint), including a detailed description

of the action that was taken in regard to repairing, inspecting, cleaning, managing, or maintaining the area where Plaintiff was injured, within ninety days preceding the incident as described in the Complaint.

28.

Describe each and every warning that you claim was provided to Plaintiff regarding any danger associated with the area at issue.

29.

Identify any changes that were implemented or made as a result of the incident causing Plaintiff's injuries.

30.

State in detail how you contend the subject occurrence took place and the order in which the events took place.  Include in this response a listing of each person and circumstance you believe to have caused, or contributed to causing, the subject occurrence.

31.

Identify with specificity all injury claims or complaints made against you or your business regarding the premises and approaches at issue, either <u>before</u> or <u>after</u> the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

32.

Please identify all maintenance employees, management persons, or other employee or person that in any way had responsibility for maintaining or inspecting the premises at issue.  To

9

the extent any person is identified, please describe the actions, times and involvement in regard to said inspections, maintenance, cleaning or knowledge of same.

33.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the defendant conducted such investigation in anticipation of litigation, and if so, state each fact of which defendant was aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

34.

Identify by name, address, telephone number and title all management employees that have worked at the premises at issue in the past seven (7) years.

35.

Identify all employees and managers on duty at the subject premises at the time of incident complained of in this lawsuit.

36.

Identify all security or closed circuit cameras located at the Defendant's premises, the location of such cameras, whether such cameras were operative on October 17, 2016, and whether any camera videotaped the subject incident.

37.

Identify any incident in which a customer of Defendant claims to have been injured by slipping or falling. For each such incident, please identify the person claiming injuries, the location where it occurred, the merchandise involved, the injuries claimed by the customer, whether a claim was made, and the result of the claim.

[signature on following page]

10

This 2nd day of March, 2021.

WOOD CRAIG & AVERY, LLC

C. Benjamin Avery
Georgia Bar No. 788001
Attorney for Plaintiff

3520 Piedmont Road, N.E., Suite 280
Atlanta, GA 30305
(404) 888-9962
(470) 552-3620 (FAX)
ben@woodcraig.com

11

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN, )
)
      Plaintiff, )   Civil Action File No. _____
)
v. )
)
WAL-MART STORES EAST LP., )
)
      Defendant. )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT WAL-MART STORES EAST, LP.

TO:    Defendant:

      Plaintiff submits herewith to Defendant for response in the form provided by law, the following request for admissions.

      Pursuant to O.C.G.A. § 9-11-36, Defendant is requested to admit for the purposes of the pending action the following statements or opinions of fact or the application of law to fact:

Request for Admissions

1.

      You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Forsyth County State Court has jurisdiction over the subject matter of this case.

6.

Forsyth County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in Forsyth County State Court.

8.

Plaintiff states a claim upon which relief can be granted.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

Defendant Wal-Mart Stores East, LP admits that the individual responsible for appropriate inspections, cleaning and maintenance performed on the premises was in the course and scope of his/her employment with said Defendant at the time of the incident at issue in this case.

11.

Defendant Wal-Mart Stores East, LP, at time of filing the Complaint in the above-styled civil action, was the operator of the premises and approaches located at 2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033.

12.

On March 29, 2019, Defendant Wal-Mart Stores East, LP owned the premises and approaches located at 2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033.

EXHIBIT B

13.

On March 29, 2019, Defendant Wal-Mart Stores East, LP was responsible for maintaining the premises and approaches located at 2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033.

14.

On March 29, 2019, Defendant Wal-Mart Stores East, LP was in control of the premises and approaches located at 2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033.

15.

On March 29, 2019, Defendant Wal-Mart Stores East, LP was responsible for inspecting the premises and approaches located at 2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033.

16.

Defendants hired no other company, person, or business to assist with maintaining the area where Plaintiff Jimmie Sue Loman was injured at 2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033.

This 2nd day of March,  2021.

WOOD CRAIG & AVERY, LLC

C. Benjamin Avery
Georgia Bar No. 788001
Attorney for Plaintiff

3520 Piedmont Road, N.E., Suite 280
Atlanta, GA 30305
(404) 888-9962
(470) 552-3620 (FAX)
ben@woodcraig.com

3

EXHIBIT B

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

**Judge T. Russell McClelland**
**MAR 02, 2021 02:19 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN,            )
                           )
        Plaintiff,          )        Civil Action File No. _____
                           )
v.                         )
                           )
WAL-MART STORES EAST LP.,   )
                           )
        Defendant.          )

## RULE 5.2 CERTIFICATE OF DISCOVERY

Pursuant to U.S.C.R. 5.2, I, C. Benjamin Avery, Counsel for Plaintiff, certify that I have this day served a copy of *Plaintiff's First Request for Admissions, Interrogatories, and Request for Production of Documents* by placing same in the United States Mail, postage prepaid, addressed as follows:

Wal-Mart Stores East LP.
r/a The Corporation Company
112 North Main Street
Cumming, Georgia 30040

This 2nd day of March, 2021.

WOOD CRAIG & AVERY, LLC

*/s/ C. Benjamin Avery*
C. Benjamin Avery
Georgia Bar No. 788001
Attorney for Plaintiff

3520 Piedmont Road, N.E., Suite 280
Atlanta, GA 30305
(404) 888-9962
(470) 552-3620 (FAX)
ben@woodcraig.com

1

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

Judge T. Russell McClelland
MAR 12, 2021 07:38 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

JIMME SUE LOMAN,

       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

Civil Action File No.
21SC-0306B

### ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

Page -1-

<u>FOURTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>SIXTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant will assume that Plaintiff intended to reference the named Defendant Wal-Mart Stores East, LP, and not a non-party, Wal-Mart Stores, Inc. Defendant Wal-Mart Stores East, LP admits the allegations of paragraph 1 provided said paragraph concerns Wal-Mart Stores East, LP, but shows that it is a limited partnership.  The paragraph is denied as to Wal-Mart Stores, Inc.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint, but Wal-Mart Stores, Inc. is not a named Defendant in this action.

3.

Defendant denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint, at this time.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

15.

Defendant denies Plaintiff's prayer for relief, including subparagarphs (A), (B), (C), and (D) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -5-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Peach Court E-File.

This the __12th__ day of March, 2021.

McLAIN & MERRITT, P.C.


__/s/ Howard M.  Lessinger__
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

Judge T. Russell McClelland
MAR 12, 2021 07:38 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN,                                    Civil Action File No.
                                                    21SC-0306B
           Plaintiff,

v.

WAL-MART STORES EAST, LP,

           Defendant.
_____/

## 12-PERSON JURY DEMAND

COMES NOW Defendant, WAL-MART STORES EAST, LP and demands a

trial by a jury of twelve (12) persons.


                          McLAIN & MERRITT, P.C.

                          /s/ Howard M.  Lessinger
                          Howard M. Lessinger
                          Georgia Bar No. 447088
                          Attorneys for Defendant
                          WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the  12th   day of March, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

Judge T. Russell McClelland
MAR 12, 2021 07:38 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN,                                   Civil Action File No.

       Plaintiff,                                      21SC-0306B

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1)    REQUEST FOR ADMISSIONS

2)    INTERROGATORIES AND REQUEST FOR PRODUCTION

3)    ANSWERS TO REQUEST FOR ADMISSIONS

McLAIN & MERRITT, P.C.

/s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant
WAL-MART STORES EAST, LP

EXHIBIT B

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the __12th__ day of March, 2021.

McLAIN & MERRITT, P.C.

_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

21SC-0306-B

Judge T. Russell McClelland
MAR 12, 2021 07:38 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN,

       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

Civil Action File No.
21SC-0306B

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 16th day of June, 2021, commencing at 11:00 a.m., at the offices of Wood Craig & Avery, LLC, 3520 Piedmont Road NE, Ste 280, Atlanta, GA, the deposition will be taken of Jimme Sue Loman.  Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion.    This deposition may also be videotaped by a videographer.

McLAIN & MERRITT, P.C.

   /s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant

EXHIBIT B

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING

DEPOSITION has this day been filed and served upon opposing counsel via Peach

Court E-File.

This the __12th__ day of March, 2021.


McLAIN & MERRITT, P.C.


_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

Judge T. Russell McClelland
APR 19, 2021 10:56 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

### IN THE STATE COURT OF FORSYTH COUNTY
### STATE OF GEORGIA

JIMME SUE LOMAN,                                         Civil Action File No.

       Plaintiff,                                          21SC-0306B

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) Defendant's Responses to Plaintiff's First Interrogatories;

2) Defendant's Responses to Plaintiff's First Request for Production of Documents.

      McLAIN & MERRITT, P.C.

      /s/ Ernest L. Beaton, IV
      Ernest L. Beaton, IV
      Georgia Bar No. 213044
      Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the ___19th___ day of April, 2021.

McLAIN & MERRITT, P.C.

<u>/s/ Ernest L. Beaton, IV</u>
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT R

☰ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**21SC-0306-B**

**Judge T. Russell McClelland**
**MAY 18, 2021 09:27 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

JIMME SUE LOMAN,                    :
                                    :
        Plaintiff,                  :
                                    :       CIVIL ACTION FILE
VS.                                 :
                                    :       NO.:  21SC-0306B
WAL-MART STORES EAST, LP,           :
                                    :
        Defendant.                  :

<u>AMENDED NOTICE OF TAKING REMOTE</u>
<u>DEPOSITION OF JIMME SUE LOMAN</u>

YOU ARE HEREBY notified that beginning on the 8th day of June, 2021, commencing

at 10:00 a.m., the remote deposition will be taken of JIMME SUE LOMAN.  Said deposition

will be taken for purposes of discovery and all other purposes provided by law before an officer

duly authorized to administer oaths.  The deposition shall continue from day-to-day until

completion and will be taken upon oral examination pursuant to the provisions of utilizing the

secure web-based deposition option or video teleconferencing (VTC) via ZOOM services offered

by Elizabeth Gallo Court Reporting, LLC or telephonically to provide remote access for the

witness and all parties so they may each participate in the depositions remotely via the internet

and/or telephone.  The deposition will be taken before a court reporter to be provided by

Defendant, which court reporter will also participate remotely via one of the options above for

the purposes of reporting the proceeding, as well as swearing in the deponent.

All parties who wish to participate in the Web Deposition are instructed to contact the

noticing attorney at least five (5) calendar days prior to the depositions to advise that it is their

desire to appear via this remote participating means so that the necessary credentials, call-in

numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

EXHIBIT B

In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

McLAIN & MERRITT, P.C.

      /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing AMENDED NOTICE OF

TAKING REMOTE DEPOSITION has this day been filed and served upon opposing counsel

via Peach Court E-File.

This the  18th  day of May, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JIMME SUE LOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. <u>21SC-0306B</u> |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST LP., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>RULE 5.2 CERTIFICATE</u>

COMES NOW Plaintiff and pursuant to Uniform Superior/State Court Rule 5.2 certifies that she has this day served a copy of **Plaintiff's Supplementation of Discovery** upon counsel in the above-styled action as follows:

Howard M. Lessinger, Esq.
McLain & Merritt, P.C.
3445 Peachtree Road, N.E.
Suite 500
Atlanta, Georgia 30326-3240

This <u>1st</u>  day of June, 2021.

WOOD CRAIG & AVERY, LLC

/s/ C. Benjamin Avery_____
C. Benjamin Avery
Georgia Bar No. 788001
Attorney for Plaintiff

3520 Piedmont Road, N.E.
Suite 280
Atlanta, GA 30305
ben@woodcraig.com
(404) 888-9962 (470) 552-3620 (fax)